IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
Western Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No.  3:18CR016 |
| v. ) | |
| ) | Judge Thomas M. Rose |
| DALTON LEE JUICK KONAT ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, through its attorneys, Benjamin C. Glassman, United States Attorney, and Dominick S. Gerace, Assistant United States Attorney, hereby submits its sentencing memorandum with respect to Defendant Dalton Lee Juick Konat.  Based on the factors of 18 U.S.C. § 3553(a), the United States submits that a sentence of imprisonment within the applicable sentencing guidelines range is sufficient, but not greater than necessary, to achieve the objectives of sentencing.

## BACKGROUND

In January 2018, Konat lived in New Carlisle, Ohio, with his girlfriend, her 11 year-old daughter (the victim in this case), and three other children.  Presentence Report (PSR) ¶ 64.  The 11 year-old victim had a close relationship with Konat and viewed him as a "stepdad."  *Id.* ¶ 25. Konat even took the victim to a "father-daughter dance" at school, and kept pictures of the two at the dance together.  *Id.* ¶ 20.

On January 26, 2018, Konat's girlfriend suspected him of cheating on her and decided to look at Konat's cell phone while Konat was asleep.  *Id.* ¶ 18.  When the girlfriend noticed that the SD card was removed from Konat's cell phone, she looked in Konat's wallet and found the

SD card.  *Id.*  Upon inserting the SD card into the phone, the girlfriend saw that it contained, among other things, images of her 11-year-old daughter naked in the bathroom.  *Id.*  Detectives with the Clark County Sheriff's Office were contacted and responded to the scene to collect evidence and interview Konat.  *Id*.

Further review of the SD card revealed a video recording of the 11-year-old victim in the bathroom, created on or about October 16, 2017.  *Id.* ¶ 20.  The video, which is 22 minutes in length, shows Konat as he set up the camera in the bathroom and appeared to conceal the camera with towels.  *Id.*  After concealing the camera, Konat called for the victim and left the bathroom.  *Id.*  The camera then captured the 11-year old victim undressing, exposing her genitals, getting into the shower, and closing the curtain.  *Id.*  After several minutes passed, the victim exited the shower completely nude, with her genitals exposed as she dried off.  *Id.*  The victim then shaved her legs in a position where the camera again captured her genital region.  *Id.*  Immediately after the victim dressed and left the bathroom, the camera captured Konat entering the bathroom and retrieving the recording device.  *Id.*

Approximately 29 still images of the victim—created from the video discussed above—were also found on the SD card.  *Id.*  Eight of the still images depict moments where the victim's genitals were prominently visible in the video.  *Id.*  Other images of the victim were also found, including pictures of the victim and Konat at the father/daughter dance.  *Id.*  In addition to the images of the 11-year-old victim, three other images of child pornography—from two known series of child pornography—were located on the SD card.  *Id.*

Konat was interviewed by detectives and made incriminating statements regarding the video.  On February 13, 2018, Konat was indicted by a federal grand jury.  On June 18, 2018, Konat pled guilty to Possession of Child Pornography.  As part of the plea agreement, Konat

agreed that his conduct included the production of child pornography, and that the sentencing guidelines would be calculated based on the applicable guideline for production of child pornography.

## ARGUMENT

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are "effectively advisory." *Id.* at 245. Nonetheless, the advisory nature of the sentencing guidelines does not mean that they are irrelevant to the imposition of a sentence. As the Sixth Circuit has consistently held, district courts must consider the advisory guidelines range in imposing a sentence. *E.g.*, *United States v. Recla*, 560 F.3d 539, 548 (6th Cir. 2009) ("A district court must consider the advisory Guidelines range . . . ."); *United States v. Blackie*, 548 F.3d 395, 400 (6th Cir. 2008) ("The district court must also acknowledge 'the defendant's applicable Guideline range.'"). Indeed, the Guidelines "seek to embody the Section 3553(a) considerations, both in principle and in practice." *Rita v. United States*, 551 U.S. 338, 350 (2007). Thus, a sentencing court "must consult [the] Guidelines and take them into account when sentencing" to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities." *Booker*, 543 U.S. at 264 (internal quotation omitted).

As noted in the PSR, the appropriate sentencing guideline in this case is U.S.S.G. § 2G2.1. Pursuant to that guideline provision, the PSR correctly calculates a total offense level of 33, a Criminal History Category of I, and an advisory sentencing guidelines range of 135 to 168 months' imprisonment. The United States respectfully submits that the factors of sentencing under 18 U.S.C. § 3553(a) warrant a sentence of imprisonment within the sentencing guidelines range.

  A.  <u>Nature and Circumstances of the Offense</u>

  The nature and circumstances of Konat's offense are very serious.  The facts speak for themselves.  Konat surreptitiously set up and concealed a video camera to record his girlfriend's 11-year-old daughter while the child was naked in the bathroom.  After the video captured prominently the genital area of the child, Konat then took the extra step of creating individual screen-capture images of the video, specifically focusing on the child's genital region.  Accordingly, this case is not simply a "peeping tom" incident where the lascivious exhibition of the genitals of a minor victim just happened be captured during a moment on a video.  Instead, Konat purposefully sought to preserve those moments of exhibition, saving them as still images for his future use.  Konat did not simply record a naked child—he created images of child pornography.  His conduct leaves no doubt regarding his motive for setting up the camera, and his interest in pornographic images of children is confirmed by the other known images of child pornography found on his SD card.

  Additionally, the Court should account for the nature of the relationship between Konat and the minor child in this case while assessing the nature and circumstances of the offense.  While Konat may not have been a parent, relative, or legal guardian of the child, he was relatively close to the victim.  The PSR indicates that the victim herself thought of Konat as a "stepdad," PSR ¶ 25, and Konat and the victim even attended a father-daughter dance together.  Konat's actions betrayed this relationship for his own sexual gratification.   It is unclear whether Konat was headed down the path of sexual abuse with this child.  But regardless of what may have come had law enforcement not intervened, Konat has already caused substantial harm to the child victim and her family—all will live with the knowledge of Konat's conduct for the rest of their lives.  The extent of the psychological harm that the victim ultimately will suffer because of

Konat's actions is unknown, but that harm is likely to be significant and life altering given that the victim is old enough to appreciate what happened to her in this case.

In sum, Konat's behavior demonstrates a willingness to abuse children for his own sexual gratification.  And he did abuse the 11-year-old victim here, by recording her in the bathroom and creating pornographic images of that video.  Konat's conduct warrants the serious sentence represented by the guidelines range in this case.

B.      History and Characteristics of Defendant

Konat is characterized in Criminal History Category I, with one criminal history point for a misdemeanor conviction for improper handling of firearms in a motor vehicle in 2015.  He has juvenile adjudications for larceny from a motor vehicle in 2011, and secret peeping as a result of the same set of facts.  Konat has a prior conviction for disorderly conduct in 2015, stemming from an arrest for domestic violence where the mother of the child victim in this case was the victim of the domestic violence allegation.  Konat also has another domestic violence arrest from later in 2015—also involving the mother of the victim in this case—that ultimately was dismissed.

Konat grew up in a chaotic environment and discloses alleged sexual abuse that he suffered as a young child from the ages of two to four.  Konat claims that he became addicted to pornography and obsessed with nudity around the age of four.  Regardless of the strength of these claims, Konat's actions in this case were not that of a merely passive viewer of child pornography.  Instead, he engaged in sexual exploitation of an 11-year-old child with whom he had a close relationship.  While the forensic psychological evaluation submitted by the defendant states that Konat's actions "reflected an expression of voyeuristic tendencies rather than an attempt to commit a contact offense," the report also notes that Konat's filming of the victim

5

"represented an active step towards realization of sexual fantasies." Similarly, though the report states that Konat may pose a lower risk of reoffending due to the lack of evidence of a contact offense and his "hebephiliac" rather than "pedophilic" sexual interests, the report also notes that Konat has "a number of factors that are associated with increased risk for sexual recidivism," including his lack of employment, history of alcoholism, education level, and prior criminal history. The report, accordingly, provides little certainty regarding the risk of recidivism in this matter.

The United States submits that Konat's history and characteristics, coupled with the sexual nature of the offense and his relationship with the victim, demonstrate that he does pose a continuing danger to the victim and to the community, as well as significant risk of recidivism.

  C. <u>Need to Protect Public, Promote Respect for the Law and Afford Adequate Deterrence</u>

A sentence within the guidelines range here will protect the public, promote respect for the law, and afford adequate deterrence of criminal conduct. There is a need to protect the public given the nature and circumstances of the offense. As discussed above, Konat has demonstrated that he poses a danger to minor children in the community. The sentence in this case should be calculated to reflect the need to protect the public from this danger.

A sentence within the guidelines range will also promote respect for the law and afford adequate deterrence. There is a need for at least specific deterrence in this case. As discussed above, Konat's conduct and proclivities indicate that he poses a risk of recidivism. A sentence within the guidelines range will serve to promote respect for the law and to deter Konat from future illegal conduct. A strong sentence will also serve to deter others from committing similar criminal acts.

## **CONCLUSION**

For the reasons stated above, the United States submits that a sentence of imprisonment within the guidelines range is just and accounts for the factors set forth in § 3553(a).

        Respectfully submitted,

        BENJAMIN C. GLASSMAN
        United States Attorney

By:  s/ Dominick S. Gerace
        DOMINICK S. GERACE (0082823)
        Assistant United States Attorney
        United States Attorney's Office
        200 W. 2nd Street, Suite 600
        Dayton, Ohio 45402
        Phone: (937) 225-2910
        Fax: (937) 225-2564
        dominick.s.gerace@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on the 16th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Thomas W. Anderson
1 South Main Street, Suite 490
Dayton, Ohio 45402
937-225-7687
thomas_anderson@fd.org

Counsel for Dalton Konat

                                    s/ Dominick S. Gerace
                                    DOMINICK S. GERACE (0082823)
                                    Assistant United States Attorney
                                    United States Attorney's Office
                                    200 W. 2nd Street, Suite 600
                                    Dayton, Ohio 45402
                                    Phone:  (937) 225-2910
                                    Fax:  (937) 225-2564
                                    dominick.s.gerace@usdoj.gov