UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**United States of America**,

       *Plaintiff*,

v.                                                        Case No. 3:20-cr-024 (1)
                                                               Judge Thomas M. Rose

**Dalton Lee Juick Konat,**

       *Defendant*.

---

**ENTRY AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE (DOC. 46).**

---

      Pending before the Court is a motion by Defendant Dalton Lee Juick Konat for a reduction of sentence under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A). (Doc. 46). The Government filed a response. (Doc. 48).   Defendant requests an order reducing his sentence to time served; or in the alternative, modifying his judgment to allow the remainder of his sentence to be served on home confinement.

**I.**      **Background**

      In February 2018, a federal grand jury indicted Defendant Dalton Lee Juick Konat for possession and production of child pornography. See Doc. 16, Indictment. These charges stemmed from sexually exploitive conduct towards an 11-year-old girl with whom he shared a residence. See PSR ¶¶ 18-23. Specifically, Juick Konat secretly videotaped this young girl in the

nude as she showered and engaged in other activities in the household's bathroom. See id. Juick Konat then made stills from the video; these photographs depicted the child's genitals. See id. When he engaged in this conduct, Juick Konat was the *de facto* stepfather to the child. See id. ¶ 25.

In July 2018, Juick Konat pleaded guilty to possession of child pornography. See Doc. 24, Minute Entry. The Probation Office prepared a Presentence Report and concluded that Defendant confronted an advisory sentencing range of 135 to 168 months of imprisonment. See generally PSR. After considering the parties' arguments concerning the appropriate punishment for the offense, the Court imposed a sentence of 108 months of imprisonment. Doc. 41, Judgment.

Juick Konat is a 29 year-old male currently housed at FCI Butner Medium II FCI. He is scheduled to be released September 27, 2025. www.bop.gov/inmateloc/ (Visited August 11, 2022). There are currently four inmates who have currently tested positive for Covid at Butner Medium II FCI. www.bop.gov/coronavirus/ (Visited August 8, 2022). Four staff members are likewise positive. Four inmates have died from Covid, while no staff members have. In total, 343 inmates and 86 staff members have contracted and recovered from Covid, out of a population of approximately 3,600. https://oig.justice.gov/sites/default/files/reports/21-031.pdf.

Juick Konat does not contend that he has a particular health situation that requires compassionate release, or that his family or social network has a unique need for his assistance. He has completed his GED while incarcerated. Doc. 46-4.

Defendant's argument in support of his Motion for Compassionate Release is that the BOP took five hours to remove his cellmate when the cellmate tested positive for Covid and that

he was denied a visit with his son due to a request from grandparents. Defendant submitted a request for compassionate release to the warden and was denied on July 30, 2021. (Doc. 46-1).

**II.     Analysis**

Defendant asks the Court to grant him a reduction in sentence as permitted by 18 U.S.C. § 3582(c)(1)(A)(i) and to consider what he alleges are extraordinary and compelling reasons for doing so. Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted).

A district court has limited authority to modify a sentence. "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides in part:

3

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

Thus, the Court can modify a term of imprisonment if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in § 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020); *United States v. Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, at *4, 2020 WL 5498932 (6th Cir. Sept. 2, 2020).

While judges "have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *United States v. Jones*, No. 20-3701, – F.3d –, 2020 WL 6817488 at *9 (6th Cir. November 20, 2020), the Court references U.S.S.G. § 1B1.13 for guidance. Therein, the Sentencing Commission identifies four circumstances in which "extraordinary and compelling reasons" may exist. *See* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"). United States Sentencing Commission, Guidelines Manual, § 1B1.13, at cmt. n.1 (Nov. 1, 2018) (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)

4

(Policy Statement)). Those four circumstances are: (A) Medical Condition of the Defendant; (B) Age of the Defendant; (C) Family Circumstances; and (D) other extraordinary and compelling reasons. *Id.* Each of the four circumstances has its own parameters. *Id.* Commentary also confirms that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *Id.* at cmt. n.3; *see also United States v. Keefer*, No. 19-4148, 2020 U.S. App. LEXIS 32723, at *6-7, 2020 WL 6112795 (6th Cir. Oct. 16, 2020) ("[i]n Application Note 1 to § 1B1.13, the Commission also listed the 'extraordinary and compelling reasons' that might entitle a defendant to a sentence reduction").

The policy statement also encourages the Court to consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*; *see also Kincaid*, 802 F. App'x at 188; *Spencer*, 2020 U.S. App. LEXIS 28051, at *4 ("[t]he district court must also find that the defendant is not a danger to the safety of any other person or to the community") (internal quotation marks omitted). Section 3142(g) provides factors to be considered in making that "danger to the safety" determination.

Specifically, 18 U.S.C. § 3142(g) states:

> (g) Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of § 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

5

>(2) the weight of the evidence against the person;
>
>(3) the history and characteristics of the person, including—
>
>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g); *see also United States v. Jones*, No. 20-3748, 2020 U.S. App. LEXIS 32451, at *4-5 (6th Cir. Oct. 14, 2020).

The factors set forth in § 3553(a) "include, among others, 'the nature and circumstances of the offense'; the defendant's 'history and characteristics'; the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence; and the need to avoid unwarranted sentencing disparities." *Jones*, 2020 U.S. App. LEXIS 32451, at *6 (quoting 18 U.S.C. § 3553(a)(1), (2), (6)).

Moreover, "compassionate release is discretionary, not mandatory." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *Keefer*, 2020 U.S. App. LEXIS 32723, at *7

("The statute's plain text makes evident the discretionary nature of a compassionate-release decision," and "the statute lists factors that, when present, *permit* a district court to reduce a sentence") (emphasis in original).

The Bureau of Prisons has taken significant measures to protect inmates. On March 13, 2020, in accordance with its Coronavirus (COVID-19) Action Plan, BOP began to modify its operations to minimize the risk of COVID-19 transmission into and inside its facilities. Since that time, BOP has repeatedly revised the Action Plan to address the crisis. BOP has implemented modified operations to maximize social distancing. Only limited movement is afforded to facilitate commissary, laundry, showers, telephone, and computer access. Further, BOP has severely limited movement of inmates and detainees among its facilities and has implemented detailed screening and quarantine protocols. See www.BOP.gov/coronavirus.

In addition, Bureau of Prisons institutions are receiving vaccine allocations and are working to make the vaccine available to staff and inmates as quickly as possible. More than 368,050 doses have already been administered to BOP staff and inmates. See https://www.bop.gov/coronavirus/ (last visited August 9, 2022).

In an effort to assist inmates who are most vulnerable to the disease and pose the least threat to the community, BOP is also exercising greater authority to designate inmates for home confinement. On March 26, 2020, the Attorney General directed BOP to prioritize transferring inmates to home confinement in appropriate circumstances when those inmates are vulnerable to COVID-19 under the CDC risk factors. A subsequent memorandum from the Attorney General on April 3, 2020, further directed BOP to expand the range of inmates eligible for home confinement, as authorized by the CARES Act. See Section 12003(b)(2) of the Coronavirus Aid,

7

Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted March 27, 2020.

Since the Attorney General's memo on March 26, 2020, BOP has placed an additional 45,116 inmates on home confinement. See www.BOP.gov/coronavirus/ (last accessed July 26, 2022). Of these, 11 have died of COVID. Id. In this case, BOP has denied Leroy's request for compassionate release.

Defendant has not presented the Court with extraordinary and compelling reasons for early release. But, even if he had, a defendant's demonstration of an "extraordinary and compelling reason" alone does not entitle him to compassionate release. This Court must consider the § 3553(a) factors as part of its analysis. See § 3582(c)(1)(A). This includes consideration of "the need to protect the public from further crimes of the defendant," § 3553(a)(2)(C). A defendant's failure to establish that the § 3553(a) factors support relief is an independent basis for denying compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1008-09 (6th Cir. 2020); *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). "[T]he nature and circumstances" of Defendant's crimes and the history and characteristics of Defendant establish public safety concerns. 18 U.S.C. § 3553(a)(1).

A reduction in sentence would not reflect the need to "protect the public from further crimes of the defendant" under § 3553(a)(2). The need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, and protect the public similarly cuts against relief. See 18 U.S.C. § 3553(a)(2). In view of the § 3553 sentencing factors, compassionate release is improper here. *See* § 3582(c)(1)(A).

**III.    CONCLUSION**

Juick Konat does not meet the requirements necessary to be granted relief under 18 U.S.C. § 3582(c)(1)(A). Thus, the Court **DENIES** Motion for a Reduction of Sentence Under the Compassionate Release Provisions Pursuant to 18 U.S.C. 3582(c)(1)(A) and the First Step Act of 2018. (Doc. 46).

**DONE** and **ORDERED** in Dayton, Ohio on Monday, August 15, 2022.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE